Sandra L. Jacquot Shawnee County Counselor Courthouse 200 S.E. 7th St., Suite 100 Topeka, Kansas 66603-3932
Dear Ms. Jacquot:
As Shawnee county counselor you request our opinion regarding interpretation of the obstructions in streams act, K.S.A. 82a-301 et seq. We are advised that Shawnee county is currently holding a substantial amount of money in its sand royalty fund, disbursed to the county pursuant to the formula set forth in K.S.A. 1993 Supp. 82a-309. We understand that the tri-county drainage district has requested sand royalty funds from the county both to retire no-fund warrants and for certain other purposes. In addition, two other drainage districts would like to utilize sand royalty funds for repair and maintenance of tributaries and improvements. The legal questions that you pose are 1) whether the county may disburse the sand royalty fund money to a drainage district, and 2) if it can, then for what purposes the funds may be given to a drainage district.
K.S.A. 1993 Supp. 82a-309 provides:
 "One-half of the net proceeds from the sale of sand products, and no other, taken from the bed of any river which is the property of the state of Kansas, shall be returned as follows: Where such river extends into or through any drainage district in this state, organized under any of the drainage district laws thereof, the board of directors of the district from which the sand products were taken shall be entitled to receive two-thirds of the amount returned and the remaining one-third shall be divided among the remaining drainage districts in the county, in proportion to the frontage on such river. Where such river does not extend into or through any drainage district in this state, the proceeds to be returned shall be returned to such counties as have adopted this act and have, prior to July 1 following the adoption of this act, notified the director of taxation of such adoption, and through which such river flows, in proportion to the mileage of such river bank in such county, and this fund shall be used by the board of county commissioners of such county or counties only for the actual cleaning and maintenance of such state streams as is provided for in this act except that: (1) Before the expenditure of any such funds, the board of county commissioners shall submit all contracts, plans, and specifications for the proposed improvements to, and receive the approval of, the chief engineer of the division of water resources; and (2) in counties having a population of not less than 25,000 nor more than 29,000 and an assessed tangible valuation of over $46,500,000, the entire amount allotted to the county shall be paid into the bridge fund of such county."
The tri-county drainage district provides the following background information:
 "Tri-county is a drainage district located in Pottawatomie, Wabaunsee and Shawnee counties and was organized under the provisions of K.S.A. 24-601, et seq., in 1944. In addition to Tri-county, there are three other organized drainage districts located along the Kansas River in said counties, North Topeka and Kaw River drainage districts in Shawnee county, and Belvue drainage district in Pottawatomie county. Following its organization, Tri-county built a flood control system consisting primarily of levees and jetties along the Kansas River and two immediate tributaries, Bourbanois Creek and Cross Creek. The purpose of the levees and channelization originally constructed on Bourbanois Creek and Cross Creek was primarily for protection of land along those tributaries from back water of the Kansas River as it would rise during high discharges.
. . . .
 "Tri-county drainage district, after unsuccessful efforts to obtain financial assistance from other sources, including the Corps of Engineers in 1992 issued $225,000.00 no fund warrants, which funds were used to rebuild the Bourbanois channel, banks, and levees."
The tri-county drainage district argues that it may receive sand royalty money from the county to pay off the no-fund warrants, because K.S.A. 82a-310, not K.S.A. 1993 Supp. 82a-309, comes into play. K.S.A.82a-310 provides:
 "This act shall not apply to the portions of any stream lying wholly within the boundaries of any organized drainage or levee district: Provided, That that portion of such stream is actually improved and maintained by and as a part of the work of said district."
We understand from the facts provided by your letter and attachments, that the tri-county drainage district ends at the north side of the river, and therefore the stream is not wholly within the boundaries of the tri-county drainage district. We conclude that K.S.A. 82a-310 does not apply to the situation before us.
Furthermore, we understand that the sand royalty funds were distributed according to K.S.A. 1993 Supp. 82a-309. If K.S.A. 82a-310 were applicable, money would not be coming to the county under K.S.A. 1993 Supp. 82a-309 because K.S.A. 1993 Supp. 82-309 would be rendered inapplicable by K.S.A. 82a-310. We conclude that Shawnee county is authorized to use this fund "only for the actual cleaning and maintenance of such state streams as is provided for in this act", and that the county is not authorized to disburse this fund to the drainage district under K.S.A. 1993 Supp. 82a-309.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas